**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ADRIAN DAMICO MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:26-cv-00771 (UNA) |
| | ) | |
| DIANE BANG, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  The court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this matter as frivolous.

Plaintiff's Complaint is rambling and largely incomprehensible.  He sues a single Defendant, alleging that she, and many others—including several judges and "Satan, a spiritual being, a.k.a 'Lucifer da fallen loser'"—have engaged in an "evil, vicious, heinous" criminal conspiracy against him to dismiss his federal lawsuits and to deny him the opportunity to intervene in other federal cases, and have also allegedly committed myriad other crimes and assorted wrongdoing, including, but not limited to, "domestic terrorism," and other nefarious actions that cause him to fear for his safety.  The remainder of the pleading consists of sweeping religious proclamations.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly

abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).  The instant Complaint falls into both categories; accordingly, the court cannot exercise subject matter jurisdiction over it.  *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment.").

As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08 (D.C. Cir. 1981); *see also Ibrahim v. Dist. of Columbia*, Nos. 93–0002, Civ. A. 93–0060, 1993 WL 30814, at *1 (D.D.C. Jan. 29, 1993) (finding the plaintiff's "assertion that . . . matters were decided against him because the Courts conspired" against him was frivolous where the "facts only support the notion that the Judges in . . . those cases diligently worked on his complaints [but] decided them against him"), *appeal dismissed sub nom. Ibrahim v. D.C. Dep't of Corrections*, No. 93-7029, 1993 WL 328110 (D.C. Cir. July 7, 1993) (per curiam) (finding no basis for appeal).

For all of the foregoing reasons, the Complaint, ECF No. 1, and this case, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  A separate Order accompanies this Memorandum Opinion.

DATE: May 8, 2026                         /s/ CHRISTOPHER R. COOPER
                                          United States District Judge